[Cite as *In re D.H.*, 2013-Ohio-1170.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT


IN THE MATTER OF:

D.H. AND D.P

NEGLECTED & DEPENDENT CHILDREN

JUDGES:
Hon. William B. Hoffman, P.J
Hon. Sheila G. Farmer, J.
Hon. John W. Wise, J.


Case No. 2012 AP 12 0071

O P I N I O N


CHARACTER OF PROCEEDING:

Appeal from the Court of Common Pleas, Juvenile Division, Case No. 11 JN 00367


JUDGMENT:

Affirmed


DATE OF JUDGMENT:

March 22, 2013


APPEARANCES:

For Appellant

JOHN BRECHBILL
153 North Broadway
New Philadelphia, OH  44663

For Jack & Dixie Lamb

SHARON BUCKLEY
152 North Broadway
New Philadelphia, OH  44663

For Appellee

JEFF KIGGANS
389 16th Street, SW
New Philadelphia, OH  44663

Guardian ad Litem

Karen Dummermuth
349 East High Avenue
New Philadelphia, OH  44663

*Farmer, J.*

{¶1}   On July 20, 2011, appellee, the Tuscarawas County Department of Job and Family Services, filed a complaint for temporary custody of D.H. born January 10, 2006 and D.P. born August 29, 2008, alleging the children to be dependent and neglected.  Mother of the children is appellant, Melissa Prince; father of D.H. is Jason Huff and father of D.P. is Charles Sanders.

{¶2}   On August 17, 2011, appellant admitted to the complaint as written, and the trial court found the children to be dependent and neglected.  Following a hearing on September 13, 2011, the trial court granted appellee temporary custody of the children.

{¶3}   On June 5, 2012, appellee filed a motion for permanent custody. Hearings were held on October 11 and 25, 2012.  By judgment entry filed November 13, 2012, the trial court granted permanent custody of the children to appellee.

{¶4}   Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶5}   "THE TRIAL COURT ERRED IN AWARDING PERMANENT CUSTODY TO JOB AND FAMILY SERVICES AS SAID DECISION WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I

{¶6}   Appellant claims the trial court's decision to grant permanent custody of the children to appellee was not supported by clear and convincing evidence, as she

was not given a reasonable amount of time to fulfill her case plan and specific findings of fact made by the trial court were not supported by the evidence. We disagree.

{¶7} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. *Cross Truck v. Jeffries,* 5th Dist. No. CA-5758, (February 10, 1982). Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction,* 54 Ohio St.2d 279 (1978).

{¶8} R.C. 2151.414(E) sets out the factors relevant to determining permanent custody. Said section states in pertinent part as follows:

(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:

(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.

(16) Any other factor the court considers relevant.

{¶9} R.C. 2151.414(B) enables the court to grant permanent custody if the court determines by clear and convincing evidence that it is in the best interest of the child. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus. See also, *In re Adoption of Holcomb,* 18 Ohio St.3d 361 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross,* at 477.

{¶10} On the reasonable time standard, the trial court entered the following specific findings in its judgment entry filed November 13, 2012:

18. On the whole, the Court recognizes signs that Ms. Prince can eventually achieve long-term sobriety. Her actual ability to do this, however, is still unknown and the emotional damage to her children has been great. It is necessary for this Court to separate the needs of these children from the needs or desires of their parents. In doing this, the Court must weigh the risk of returning children to a previously destructive environment, even if that environment shows some signs of improvement.

19. The Court finds that the risk to the welfare of these children would be dangerously unacceptable if they were placed in an environment that is less stable than the one in which they reside now.

{¶11} The professionals that dealt with appellant's cocaine, alcohol, and theft addictions concur that although appellant is striving to reach long-term sobriety, it has not happened as of the date of the hearing. All agree that one year of sobriety is a milestone to the achievement of long-term sobriety. T. at 124, 131, 186, 213-214, 237.

{¶12} The caseworker assigned to appellant's case, Jaime Grunder, testified that enough time had passed and appellant still could not maintain sobriety for one year. T. at 21, 55. Ms. Grunder pointed to appellant's relapses since completion of Harbor House inpatient treatment and Aftercare outpatient treatment. T. at 6-7, 9-11, 18-19. Appellant was sober during the programs that ended in March 2012, but by

April 2012, she had relapsed because of the stress she was experiencing. T. at 9-10, 12. Ms. Grunder explained appellant's theft addiction and her recent shoplifting charge which she hid from her was another example of her inability to handle her addictions. T. at 19-21. Further, one of the root causes of appellee's involvement was domestic violence. Appellant kept in contact with her abuser regardless of appellee's warnings to stay away. T. at 29-31. Appellant also was not forthcoming as to the cause of her recent injury that necessitated taking a prescription narcotic without consultation from her drug counselors. T. at 36-37, 171-173.

{¶13} The trial court was forced to balance the course of appellant's commitment to her long-term sobriety against the relapses, thefts, and falsehoods of the past. A year had passed since the filing of the complaint and despite appellant's six months of inpatient and outpatient sobriety, she relapsed two times with cocaine and committed a theft offense. We find the trial court's decision on reasonable time to complete the case plan was based on clear and convincing evidence.

{¶14} Appellant also challenges the following specific findings of fact by the trial court:

6. Up until that time, she continued to abuse cocaine after this complaint was filed in July 2011. She also abuses marijuana, benzodiazepines, and opiates. She has reported cocaine use of 2 or 3 times a week with each use costing her $200.00 - $300.00. Her last cocaine use occurred after her completion of the in-patient treatment program at Harbor House.

8. Melissa Prince has a history of choosing domestically violent men. Even after Charles Sanders was jailed for assaulting her, she continued to send him letters in jail. Her psychological evaluation reveals her tendency to choose violent men. Her evaluation indicates that she is very dependent and insecure to the extent that she will easily rely on others and acquiesce to them in a pathological way.

13. Although these small children have made progress in foster care, it is very certain that the domestic traumas in their lives have left lifelong emotional scars.

14. While Melissa Prince has technically completed many of her case plan services, it is clear that overall, the problems that caused the removal of these children have not been alleviated to any significant degree upon which the Court can rely.

15. After a ten-year period of cocaine abuse, Melissa Prince has been drug free for only 4 months. Her employment history is very poor, and she does not possess the financial resources to care for these children without tremendous public assistance. After 14 months, she has never been able to visit her children without supervision. She struggles with discipline even in this structured setting. She demonstrates very little control over them, and they do not demonstrate any respect for her authority.

21. There are no known relatives available that are proper custodians for these children.

{¶15} Appellee concedes the statement in Finding of Fact No. 6 regarding appellant's history of cocaine abuse was in error. Appellee's Brief at 9. The testimony established appellant had at least a ten year addiction to cocaine, using two to three times a month, not a week. T. at 6, 10-11, 188.

{¶16} Appellant argues in Finding of Fact No. 8, the trial court mentioned a psychological evaluation not in the record. On December 22, 2012, a psychological report of appellant was filed with the trial court and docketed as No. 30.

{¶17} Appellant argues in Finding of Fact No. 13, there was no evidence that the domestic violence left emotional scars. However, Beth Ann Wanosik, a child therapist, testified D.H. exhibited traumatic stress because of the living conditions. T. at 68.

{¶18} Appellant argues the trial court was incorrect in Finding of Fact No. 14 that her problems had not been alleviated to any significant degree. Appellant has yet to maintain one year of sobriety and has in fact had two cocaine relapses. T. at 9-11. She has yet to obtain full time employment, and has a recent shoplifting charge. T. at 14-15, 19-20. Appellant disregarded Harbor House's clear procedures for using narcotic drugs a week before the hearing. T. at 127-131, 171-173.

{¶19} In Finding of Fact No. 15, the trial court found appellant had been clean for four months when in fact it was two months from the April 2012 relapse to the June 2012 permanent custody filing. Appellant argues the trial court erred in finding she struggled with discipline and control at the supervised visits. Tera Ulrich-Hiple, coordinator of the supervised visitation program, testified of the discipline problems at

visitation and appellant's lack of follow-through. T. at 92-93. Appellant has demonstrated no improvement in this area. T. at 94.

{¶20} Appellant argues the trial court was incorrect in Finding of Fact No. 21 that there were no known relatives to take custody of the children. A great-aunt of one of the children, Nancy Reinemann, testified she was willing to care for the children. T. at 252. However, she did not make her presence known until one to two weeks before the permanent custody hearing. T. at 257. Although Ms. Reinemann appears to present as a good placement, she had only seen the children four times, the children did not know who she was, and no home study was done because of the lateness of the request. T. at 24-26, 264.

{¶21} We find appellant's objections and criticisms of the trial court's specific findings to be de minimus at best and find they do not negate the trial court's findings of fact and conclusions of law.

{¶22} The record demonstrates that appellant was given more than enough time to rectify the issues that existed. She abused drugs until she was in inpatient treatment and remained sober until a month after outpatient care. She continually contacted her abuser and exposed her children and herself to domestic violence. Her visitations were rocky and she showed a lack of discipline and follow-through with the children. Although she tried to increase her income to support herself and the children, her felony convictions and recent theft charge hindered her efforts.

{¶23} Upon review, we find clear and convincing evidence that another six months would not have resolved the issues raised by appellant's own addictions regardless of her well-meaning attempts.

{¶24} We note appellant did not challenge the trial court's findings on best interest.

{¶25} The sole assignment of error is denied.

{¶26} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Division is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.


s/ Sheila G. Farmer_____


s/ William B. Hoffman_____


s/ John W. Wise_____

JUDGES


SGF/sg 313

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | : | |
| | : | |
| D.H. AND D.P. | : | |
| | : | |
| NEGLECTED & DEPENDENT | : | JUDGMENT ENTRY |
| CHILDREN | : | |
| | : | |
| | : | CASE NO. 2012 AP 12 0071 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Division is affirmed. Costs to appellant.

s/ Sheila G. Farmer_____

s/ William B. Hoffman_____

s/ John W. Wise_____

JUDGES